States Currency, AJC Trading, FCC, et al., Affluence. Mr. Lively for the Affluence. Mr. Barber for the FLE United States. Mr. Lively, good morning. Good morning, Mr. Barber. Good  morning. Keith Lively for the Affluence, AJC Trading, Ramani Distribution. Mr. Lively, can you move the speakers down so the microphones, there's a button that I think will put you more directly. Great. Again, I'm Keith Lively for the Affluence, AJC Trading, Ramani Distribution, and before you is my client's appeal of the lower court's order striking their claims to seize funds as untimely filed, resulting in a default judgment. Now, I acknowledge that district judges have a fair amount of discretion in these issues. I also acknowledge that these claims were filed very late. However, on the whole, I believe that the circumstances surrounding this case actually justify a first, very briefly, circumstance. My clients are commodities traders, primarily based in the three transactions that are subject to this particular hearing were for sale of refrigerators, sale of pigment for manufacturing plastics, and jasmine rice. So these are just simple commodities transactions, nothing suspect about them. At the time that this claim was filed, my clients had been subjected to 23 separate administrative seizures by the Department of Treasury. And because of that, all 23 were based upon the idea that these seizures were justified because my clients were owned, controlled, or operated for the benefit of designated terrorist organizations, or specifically Kassim Tajadin and his company of last trading. My clients denied it. It's not. Mr. Lively, let me ask about whether the notice of appeal was filed too late, and that's connected, I think, to whether the Rule 59 motion was filed too late. And I'm just going to kind of put on the table how I tentatively see the case and invite you to tell me where I'm wrong. To me, August 31st seems like a key date. That's the day after the deadline of the first extension. So just to back up one second here, the order goes down June 3rd. On June 30th, the judge grants an extension will run until August 30th. And so we'll assume for the sake of argument that there would have been no problem with you filing a notice of appeal or a Rule 59 motion on August 30th or before August 30th. Okay? But that deadline, August 30th, it expires. And then on August 31st, you still have not filed a Rule 59 motion. You still have not filed a notice of appeal. Now, to the Rule 59 motion first, because, of course, if you had timely filed a Rule 59, it would have told the deadline for filing the notice of appeal. But you hadn't done it by August 31st. Any Rule 59 motion on or after August 31st was going to be untimely. And we can concede for the sake of argument for you that the deadline was untimely for the second extension because they asked for the second extension. Right? But that second extension expires on November 4th. And you still haven't filed the Rule 59 motion by November 4th. You file it within the window of the third extension, November 10th. And when you do, the government says you are on time. It seems like you were untimely because the district court actually didn't have the authority to extend that deadline beyond 28 days. The government didn't forfeit it because beginning November 4th, the government was no longer the one asking for the extension. And because the government didn't forfeit its argument that your Rule 59 motion was untimely, the Rule 59 motion could not have told the deadline for the notice of appeal. And that notice of appeal came way after the statutory jurisdictional deadline. Now, where am I wrong? I will first start with some more circumstances. My client was without counsel during many of these states. Actually, I myself only became involved in the case shortly before the November 4th. So I can't speak with as much certainty as to what transpired before. I do know that, as you mentioned, Your Honor, the order was in final form on June the 3rd. And within five days of that, then-counsel filed a motion for stay. Could you speak up or speak closer to the microphone, please? So the judge filed a motion for stay at that time. I mean, then-counsel filed a motion for stay and at the same time filed a motion to withdraw based upon irreconcilable differences. Well, the initial hearing on that motion was supposed to be June 21st. The government didn't show up. So the judge issued an order to show cause and rescheduled it for June 30th. They did show up. He actually issued the final one. He issued a memorandum. He issued a written order actually on July 15th. He did do the 60 days on June 30th. His written order was on July the 15th. I would argue, as far as Rule 59, that it's a jurisdictional – it is not a jurisdictional question. It's procedural. And that being the case, it can be waived. It can be moved. The judge has the authority to move that 28 days. I would also argue that stay was within his authority to manage his own doc. He referred to it in the order, I believe, as vacating all deadlines, all applicable deadlines. I believe my clients were reasonably relying on the orders. And when he would submit the orders, he would set hearing dates into the future. The November 4th was a deadline, but I requested to file the Rule 59 at the hearing. And the judge granted my request and set a briefing schedule. And the briefing schedule he set forth was complied with by both myself and the government. And based upon my belief that the deadline for filing a motion to appeal was effectively stayed by the judge's orders as well. Can I – I just want to be sure I understand your answer to judge. Is it this? Let's see if I've got this right. The judgment that you're appealing from was June 3, correct? Yes, Your Honor. All right. And June 3, that's when the appeals clock started ticking, correct? Originally, yes, Your Honor. So I – maybe this is what you were saying. Isn't your argument that on June 9th – is it June 9th when – Yes. Okay. And that they asked for – to extend all timelines, including for a 1590 motion, right? Correct, Your Honor. And your argument is the government didn't object to that? They did not object to that. Okay. That's your argument, right? Yes. I thought they did object to it. It's interesting. They told the – I believe they told counsel at the time that they would object. At least I think that's from the record. But in actuality, on the 30th of June, they did not. And so your point is then, right, that even though the judge would have had no authority to extend the time for the 1590 motion, the fact is the government didn't object. And so your argument is the appeal is timely because it was – they filed it after the judge denied the 1590 motion a year later, correct? Well, except to the point that I think he did have the authority even over government's objection. Really? I thought the rule said you can't extend the time for filing a rule of 1590. But I believe the Mobley decision refers to Rule 59E as non-jurisdictional. It can be waived and moved. Right. I'm looking at Bannister v. Davis, which is a 2020 Supreme Court case. And it says Rule 59E allows a litigant to file a motion to alter or amend a judgment. The time for doing so is short, 28 days from entry of the judgment, with no possibility of an extension. How are you reading – why should I not read that to say there is no possibility of extending the 28-day deadline for both of you? It may not be a satisfactory response, Your Honor, but I believe that this was not an extension per se. I believe it was a stay in the proceedings. And the judge mentioned it was because of the fact there was no – he was taking into consideration that the claimant was no longer represented by counsel and needed to find him. I think that was significant. I thought you were relying on this unique circumstance. Well, unique circumstances as well. That's more to the point of we're relying on the court's orders as granting us – we're relying on their orders as granting us the ability to file. When the court did the third extension, which is November 4th, 2021 – I know there's a lot of dates and a lot of extensions, but the third extension, I think, came down on November 4th, and it was really short. It was just an extension until November 10th. Do you know if the government consented to that, objected to that, or took no position? I think they reserved the right to object to the 59 – to the 59 motion. To the timeliness of the 59 motion? I can't – I wouldn't be telling the truth if I said I remember exactly. But I do remember – They did object when the Rule 59 motion was filed to its timeliness. But I – but it's okay. We'll track down whether they objected on November 4th when the extension was granted the third time. They might know. And, Your Honor, I guess I would nitpick that that November 4th was extension. That was my first appearance before the court, and I asked – and maybe technically was, but I asked – It was your first extension. It was your client's third. Well, and I just wanted – and he agreed to hear the 59 motion, and he just set up a briefing schedule. And actually, that June 10th – I mean, the December 10th – that was my idea, because I realized a lot. I didn't see anything. All right. If there are no more questions, we'll give you a minute and reply. Mr. Barber? May it please the Court, Kevin Barber for the United States. So, I take my friend on the other side to no longer be arguing that there was a valid extension of the time to file the notice of appeal and that he is now arguing only that the filing of the Rule 59e motion told the time to appeal pursuant to Federal Rule of Appellate Procedure 4A4A4. Government's position is that that did not happen because, as Judge Walker was alluding to, the Rule 59e motion could not have been filed more than 28 days after the judgment – the underlying judgment. But isn't there argument that the government didn't object to that motion for an extension of time when they filed it? Yes. So, Judge Tatel, that's an important issue I wanted to correct. The government did oppose the claimant's motion. Where? Yes. It did? Sorry, go ahead. I'm sorry. So, when they filed their – what was the date? They filed – it's in June – within the 28-day period, right? They filed a motion to extend everything, including time for the Rule 59e. And did the government object to that? Yes, Your Honor. Where? So, the motion – so, there's no transcript of the hearing in the record, but the motion described itself as an opposed motion, and then even after the hearing, in the July 15th order, when the district court memorialized its order granting the motion, it continued to describe that as an opposed motion. So, there's nothing in the record to indicate that the government did, you know, forfeit its objection to the timeliness of that. And there are a couple of other important points here. Excuse me. Maybe I should know this, but is the government's – is the government's opposite – is there – did the government respond to that motion in writing? No, it did not. It informed – This was all conversation. Well, yes, but it is reduced to writing in the sense that it informed the claimants that it was an opposed motion, and then – In writing? Yeah, okay. Go ahead. Not in writing, but there was no requirement for that. I see. So, your point is since the district court itself caused it – called it an opposed motion, that indicates that the government did object. Correct. So, again, we don't have the transcript of the hearing, but if at the hearing the government had given up any objection to that motion, then presumably the district court would not have described it as an opposed motion in the order of July 15th. A couple of other important things, though. So, first of all, the motion itself was not solely seeking to extend the 59E deadline or specifically the 59E deadline. It was also seeking extension of the notice of appeal deadline. But it did include the 59E. It did include it. Yes, certainly. But the point is that even if the government had not opposed that motion, it was a motion to stay all applicable deadlines. And the notice of appeal deadline could have been applicable because that was validly extendable at that time. The April 60 deadline also could have been extended at that time. But the 59E deadline would not have been applicable because the 28 days was essentially up by the time that hearing took place. So, and the other thing is that the government, as Judge Walker was discussing, when the 59E motion was actually filed, the government clearly opposed it on timeliness grounds. I believe at the November 4th hearing that was just discussed. Well, that would have been, let's assume for a minute that government had forfeited, assume for a minute that the word opposed doesn't carry the weight. You think, and I'm not saying it does or doesn't. But if the government hadn't opposed the motion on the grounds that the court lacked authority to extend the 59E motion, it wouldn't have made any difference that it later raised the issue in response to the rule of 59E motion itself, right? I think it would have made a difference because what happened was the motion basically said we, the claimants, we may file an appeal. We may file a 59E motion. We may file a Rule 60 motion. I don't think that's enough to say that if the government doesn't oppose that, then later on when the 59E motion is actually filed, they can no longer argue that it's untimely. This is a, we recognize that Rule 59E's time limitation, even as enforced by Rule 6B2, civil rules, these are not jurisdictional rules, they're claim processing rules, but the government here made the objection. So there's no waiver or forfeiture issue there. So I think that the claimants are forced to resort to this unique circumstances doctrine. Before we get to that, and I'll turn this down to the forfeiture point for a second, let me give a hypothetical. Imagine there's a case where there have been three extensions of time and the government did not oppose the first extension and the government did not oppose the second extension. But the government did oppose the third extension. And then after the third extension was granted, when the Rule 59 motion was filed, the government said this motion is untimely. Do you think in that situation, what's the best argument for why in that situation the government has not forfeited its untimeliness argument, even though it had agreed to the first two extensions for opposing the third extension? I think, Your Honor, I'm not aware of any case that says that the government would need to object in those circumstances, at least in a situation like this, where there are multiple different potential post-judgment forms of relief that might be sought by the other party. And some of those deadlines would be validly extendable, but certainly not in this case. If it was just that the party was literally saying, we just want to file a Rule 59e motion after the 28 days have elapsed, I think that there would be a much stronger argument that if the government repeatedly did not oppose that and even said, we're fine with that, then that would be, I think that would probably be a waiver, because it would be an intentional relinquishment of a right to enforce this deadline. My point is that nothing close to that happened in this case. So we think what happens here, and again, that's why they have to resort to the unique circumstances doctrine, and we take the position that that doctrine does not apply in this case for several different reasons, assuming that that doctrine does not apply. What are the reasons? So the reasons, there are a few reasons. First of all, we know that the unique circumstances doctrine is an equitable doctrine. It's a narrow doctrine. I think Justice Ginsburg called it a narrowly honed exception to the usual rules about this. And we think that given the claimant's multiple procedural lapses in this case, that they are not entitled to the equitable relief that the unique circumstances doctrine embodies. Also, the Supreme Court has made clear that for unique circumstances doctrine to apply, you need to have a specific assurance from the district court that your otherwise untimely motion would be timely filed. And for the reasons I was just discussing, I don't think that that showing can be made here, because the district court simply issued a generalized order staying, in its words, all applicable deadlines in the case. And so I don't think that constitutes the kind of misleading of the other party that you need to invoke that doctrine. Why not? Because, as I said before, the multiple other deadlines, the Notice of Appeal deadline, the Rule 60E deadline, were doubly extendable at the time. So there wasn't any sort of specific assurance provided to... So your point is he was talking about only those that can be extended. Yes, he could have been, because he said all applicable deadlines. And so the question is which deadlines were applicable. And at that time, two of them were, but the 59E deadline essentially was not. To invoke unique circumstances, you need reliance on something that the district court has done. And on August 31st, back to my first question for closing counsel, on August 31st, everything was late, and the district court had given no assurances or indications that any timeline, any deadlines would be extended beyond August 30th. Am I right about that? Yes. So you can't rely, you can't invoke the unique circumstances doctrine on August 31st when the district court has said you only have until August 30th. I think that's right. The other thing, just to make a slight correction, is that I think at that time, Rule 60 would have still been in play, because for that rule, you just have to file within a reasonable time, and I think it can be no more than a year. So even when the deadlines were further extended on September 3rd, we don't think it matters because we think the die was already cast at that point, but Rule 60 conceivably could have been in play. The claimants chose to file in the end under Rule 59E, and that is a deadline that had already elapsed. So we don't think that's available. The other reason why I don't think unique circumstances is available is because this case bears no resemblance to the Mobley case, which I think is the last case where this court applied that doctrine. That's the kind of case where you can kind of understand it applying. There were two cases proceeding in parallel, and the party that ultimately filed the 59E motion sort of understandably thought that because of the relationship between the two cases, that it could wait to file until after the 28 days had collapsed. And just given the name of the unique circumstances doctrine, I would think that the circumstances need to be somewhat special. And here we don't have any special circumstances. We have a case where you had a group of parties. They had an adverse judgment that they maybe wanted to do something about. Maybe they didn't. They wanted more time to think about seeking post-judgment relief, and they ultimately tried to do so in a way that was not timely under the rules. So we think that the only question before this court, if I could just finish this point, is whether the 59E motion was properly denied. We don't dispute that this court has jurisdiction to decide that question, but we think that the court should decide that question simply by saying that it was properly denied as untimely under the rules. All right. Thank you. Thank you. Aren't you given? Mr. Lively, one minute. Just briefly, I would like to point out that September 3rd, the September 3rd hearing, the government was the one that asked for the extension at that hearing. So, actually, I want to get to the circumstances. Like this is not a unique case. There are two active cases right now in, well, one active case now, in district court based upon the same justification, that my clients are controlled and operated and controlled by terrorists. That's the basis for all 23 of these administrative seizures and the two litigations. That is a single point. It's not true. My clients will prove it's not true. And for this default judgment to come in and seize their money based on nothing but all face allegations by the government, when we do win and nullify the justification for any of these seizures, it's going to call into question the legitimacy of the. Doesn't this happen in any circumstance like this where there's a default judgment and the claimants fail to appeal on time? I mean, that always happens, right? I wouldn't say always, but probably much more often than not. But that's the consequence of it, right? Yes. So. So. Now, I know I have a very brief amount of time, but that gets into my other argument about the prejudice to the government. I believe counsel just said that the Rule 59E motion was stricken for untimely, was denied for untimeliness. I don't believe that was the case. I believe it was denied on the basis of the original. The order gives no reason. It doesn't say denied because it's untimely. It doesn't say denied because it's untimely. It could have been for untimeliness. It's just, in my opinion, these circumstances are. One more sentence. I'm sorry. It's just that these circumstances are extremely unique. We have multiple seizures by the government. We have the same basis. It will be tried. There will be no harm to the government by sending this back, having it tried in tandem, just like Mobley. And frankly, these cases were already being tried in tandem, even though they hadn't been formally.
judges: Henderson, Walker, Tatel